1    D. EDWARD HAYS, #162507
     ehays@marshackhays.com
2    CHAD V. HAES, #267221
     chaes@marshackhays.com
3    MARSHACK HAYS LLP
     870 Roosevelt Avenue
4    Irvine, CA 92620
     Tel     949-333-7777
5    Fax     949-333-7778

6    Attorneys for Chapter 7 Trustee
     A. CISNEROS

7

8    FRALEY & ASSOCIATES
     Franklin R. Fraley, Jr.—SBN 151879
9    Ste. 702
     617 W. 7th St.
10   Los Angeles CA  90017
     Tel    213.550.4000
11   cmecf@fraleylaw.com

12   Attorneys for Secured Creditor
     REVERE FINANCIAL CORPORATION

**FILED & ENTERED**

**AUG 09 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill     DEPUTY CLERK

**CHANGES MADE BY COURT**

13

14           UNITED STATES BANKRUPTCY COURT

15           CENTRAL DISTRICT OF CALIFORNIA

16                 (Riverside Division)

17   In re:                  **Bankruptcy Case No.  6:13-bk-27344-MH**

18   DOUGLAS J. ROGER, M.D., INC., APC,    **Chapter 7**

19           Debtor.        **Assigned to:**
                             **Hon. Mark D. Houle**
20                              **Ctrm. 303**

21                    **ORDER GRANTING SECOND JOINT**
                           **MOTION BY CHAPTER 7 TRUSTEE AND**
22                    **REVERE FINANCIAL CORPORATION**
                           **FOR ORDER APPROVING**
23                    **SETTLEMENT BETWEEN CHAPTER 7**
                           **TRUSTEE AND REVERE FINANCIAL**
24                    **CORPORATION**

25                    **Date:**     **2019-07-10**
                   **Time:**     **11:00 a.m. PDT**
26                    **Place:**    **Ctrm. 303**

27

28

# I.    **INTRODUCTION**

On 10 July 2019, at 11:00 a.m., the United States Bankruptcy Court for the Central District of California, Riverside Division, 3420 Twelfth Street, Riverside, California 92501, Courtroom 303, the Honorable Mark Houle, presiding (the "Court"), heard the Second Joint Motion by Chapter 7 Trustee and Revere Financial Corporation for Approval of Settlement between Chapter 7 Trustee and Revere Financial Corporation, filed 24 January 2018 [Docket # 521] (the "Motion").

# II.    **APPEARANCES**

Chad Haes of Marshack Hays, LLP, appeared on behalf of Arturo Cisneros, the Chapter 7 Trustee.

No other parties appeared.

# III.    **ORDER**

The Court, having read and considered the Motion and all papers filed in support of, and opposition to, and the District Court's order relating to, the Motion, and having heard all oral arguments for and against the Motion, finds that good cause exists to grant the Motion as follows:

1.    The Motion is granted in its entirety for the reasons set forth in the record and the Court's tentative ruling (attached).

2.    The Settlement Contract between Arturo Cisneros, as the Chapter 7 Trustee of the Bankruptcy Estate of Debtor Douglas J. Roger, M.D., Inc., APC, and Revere Financial Corporation, dated 24 January 2018 (the "Settlement Contract"), which was attached as Appendix "A" to the Second Joint Motion and Moving Memorandum by Chapter 7 Trustee and Revere Financial Corporation for Order Approving Settlement between Chapter 7 Trustee and Revere Financial Corporation, filed 24 January 2018 [Docket # 521], including, but not limited to, the Liquidating Trust Agreement for the Bankruptcy Estate of Debtor Douglas J. Roger, M. D., Inc., APC, [Appendix "A," Exhibit 4.32], is approved.

3.    The DJRI Trustee is authorized to enter into the Settlement Contract and take all steps necessary to implement and perform the terms of the Settlement Contract.

-1-

4.       All terms in the Settlement Contract shall bind the DJRI Trustee/the bankruptcy estate, RFC, and all other interested parties as of the Approval Date.[1]

5.       Effective as of the Approval Date, the Court also orders all that is set forth in paragraphs eight through forty-five of this order:

A.       **RFC's Security Interest and Adequate Protection Liens**

**Secured Debt and Security Interest**

6.       RFC has a secured claim against the bankruptcy estate pursuant to the BLP Loan and the Roger Loan.

7.       The RFC Security Interest, on and after the DJRI Petition Date, constitutes a lien against all Assets except Claims and Proceeds of Claims that the DJRI Trustee owns under sections 544 through 553, inclusive, of the Bankruptcy Code, including, but not limited to the following claims which are not subject to the RFC Security Interest:

        a.       DJRI Estate/DJRI-DBP Claim;

        b.       DJRI Estate/OIC Claim;

        c.       DJRI Estate/Trustee-Professionals Claims;

        d.       Receiver Claims; and

        e.       RFC Claims.

8.       The RFC Security Interest, on and after the DJRI Petition Date, is legal, is valid, has attached, is perfected, has first priority over all other liens against, or security interests in, all Assets except Claims and Proceeds of Claims that the DJRI Trustee owns solely under sections 544 through 553, inclusive, of the Bankruptcy Code including, but not limited to:

        a.       DJRI Estate/DJRI-DBP Claim;

        b.       DJRI Estate/OIC Claim;

        c.       DJRI Estate/Trustee-Professionals Claims;

---

[1]From this point forward, all words with initial capitalization in this order shall have the same meaning and definition as in the Settlement Contract.

ORDER ON SECOND JOINT MOTION TO APPROVE SETTLEMENT BETWEEN TRUSTEE AND RFC

d.      Receiver Claims; and

e.      RFC Claims

subject only to the limitation in paragraph 45(b).

9.      The RFC Security Interest is enforceable and binds the DJRI Estate.

**Adequate Protection**

10.      To protect RFC regarding the DJRI Trustee's use of those Assets subject to the RFC Security Interest, the DJRI Trustee grants the Adequate Protection Liens to RFC, which constitute liens against all Assets and any RFC Advances.   Such Adequate Protection Liens are legal, are valid, have attached, are perfected, have first priority over all other liens against, and security interests in, all Assets and the RFC Advances, and are enforceable additional and replacement liens that bind the DJRI Trustee and the DJRI Estate with the same effect as the RFC Security Interest subject only to the limitation in paragraph 45(b).

**Attachment**

11.      The RFC Security Interest and the Adequate Protection Liens have attached under all applicable federal, state, or other laws on the Approval Date.

12.      The RFC Security Interest and the Adequate Protection Liens do not require any further act, consent, filing, notice, order, possession, or waiver by any Person to effect attachment.

**Perfection**

13.      The RFC Security Interest and the Adequate Protection Liens:

a.      are deemed to be perfected and recorded under all applicable federal, state, or other laws as of the Approval Date; and

b.      do not require any further act, consent, filing, notice, order, possession, or waiver by any Person to effect perfection.

**Priority**

14.      To the extent RFC seeks to file or record any document, including, but not limited to, any consents, financing statements, mortgages, notices of liens and security

-3-

interests, trust deeds, or waivers to give full effect to the RFC Security Interest or the Adequate Protection Liens, any such filing, recording, or waiver shall relate in priority back to the date of the filing of the Roger/DJRI Financing Statements.

**Waiver**

15.    The DJRI Trustee, on his own behalf, on behalf of any Persons whom he employs, and on behalf of the DJRI Estate, irrevocably waives all powers and rights to, and shall not:

a.    grant or impose under section 364 of the Bankruptcy Code or otherwise any liens against, or security interests in, any of the Assets that are *pari passu* with, or senior to, the RFC Security Interest or the Adequate Protection Liens; or

b.    seek a surcharge against any of the Assets under section 506(c) of the Bankruptcy Code or otherwise, or to modify or affect any right of RFC.

**Continuing Effect**

16.    The RFC Security Interest and Adequate Protection Liens shall continue in all Assets and all Proceeds and any RFC Advances until the DJRI Trustee actually pays the money that comprises the Assets, Proceeds, and RFC Advances to the permitted recipients pursuant to section 6.7 of the Settlement Contract.

**B.    Carve-Out**

**Grant**

17.    RFC grants the Carve-Out to the DJRI Trustee.

**Guarantee**

18.    RFC guarantees that the DJRI Trustee will be able to use the Carve-Out and the DJRI Estate Priority Distribution (as defined in the Liquidating Trust Agreement) pursuant to 6.7.1 of the Settlement Contract despite any other Persons' claims of security interests in that money, by either or both:

a.    first, defending and defeating all such claims in the name of the DJRI Trustee; and/or

-4-

b.     second, making RFC Advances.

**C.     <u>Asset Liquidation</u>**

**Liquidating Trust Assets**

19.     On the Approval Date, the DJRI Trustee shall transfer for prosecution and/or settlement and shall be deemed, without further action, to have transferred for prosecution and/or settlement the Liquidating Trust Assets, regardless of when created, to the Liquidating Trust to be held, administered, and liquidated by the Liquidating Trustee for the benefit of the creditors of the DJRI Estate pursuant to the Liquidating Trust Agreement.

**Distributions From Liquidating Trust**

20.     Any distributions received by the DJRI Estate from the Liquidating Trust shall be free and clear of any liens, claims, or interests of RFC and of any other alleged secured claims as required by section 6.5 of the Settlement Contract; provided, however, that the RFC Security Interest and/or the Adequate Protection Liens shall continue in such distributions until the DJRI Trustee actually pays the money that comprises the Assets, Proceeds, and RFC Advances to the permitted recipients pursuant to section 6.7 of the Settlement Contract.

**D.     <u>Asset Distributions</u>**

**Allowed Administrative Claims and Allowed Non-Administrative Claims**

21.     The DJRI Trustee shall use:

a.     all Proceeds of the tax attributes of DJRI;

b.     all DJRI Estate/DJRI-DBP Claim Sale Proceeds;

c.     all DJRI Estate/OIC Claim Sale Proceeds;

d.     all of the Carve-Out;

e.     all distributions from the Liquidating Trust to the DJRI Trustee; and

/ / /

/ / /

/ / /

f.      all Proceeds from the DJRI Trustee's liquidation of any Liquidating Trust Asset that the Liquidating Trustee transfers back to the DJRI Estate pursuant to the Liquidating Trust Agreement and that the DJRI Trustee chooses not to abandon,

to pay Allowed Administrative Claims and Allowed Non-Administrative Claims in accord with section 726 of the Bankruptcy Code.

**Allowed Secured Claims**

22.      Except as provided in section 6.7.1 of the Settlement Contract, the DJRI Trustee shall distribute all money that the DJRI Trustee receives from all Proceeds of all Assets, including, but not limited to, the DJRI Estate Cash Collateral, to:

a.      RFC without any reduction of any sort not later than 14 days after the DJRI Trustee or any Person acting at the DJRI Trustee's direction has possession, custody, or control of the Proceeds and/or 14 days after the Approval Date, whichever is later;

b.      unless another Person claims a security interest in the Proceeds, in which case the DJRI Trustee shall distribute Proceeds pursuant to a Final Order of the Bankruptcy Court.

**E.      Asset Abandonment**

**Unliquidated Assets**

23.      The DJRI Trustee shall be deemed to have automatically abandoned all unliquidated Assets, including the Receiver Claims and the RFC Claims, and specifically excluding only the tax attributes of DJRI, the DJRI Estate/DJRI-DBP Claim Sale Proceeds, the DJRI Estate/OIC Claim Sale Proceeds, the DJRI Estate/Trustee-Professionals Claims, and the Liquidating Trust Assets, effective immediately on the Approval Date, to the extent that the DJRI Trustee has not previously done so, without further action by any Person or entry of any order by the Bankruptcy Court other than the Settlement Order.

/ / /

1    ///

2    **Liquidating Trust Assets**

3        24.    The DJRI Trustee shall abandon any Liquidating Trust Asset that the

4    Liquidating Trustee, in the Liquidating Trustee's sole and absolute discretion, transfers

5    back to the DJRI Trustee pursuant to the Liquidating Trust Agreement and that RFC, in

6    RFC's sole and absolute discretion, designates in writing for the DJRI Trustee to abandon

7    unless the DJRI Trustee chooses to actively prosecute that Liquidating Trust Asset for the

8    DJRI Estate.

9    **Orders**

10        25.    RFC is authorized to submit any orders to the Bankruptcy Court to enter:

11        a.    as additional evidence of the DJRI Trustee's deemed abandonment

12    of any unliquidated Asset pursuant to section 6.8.1 of the Settlement Contract; and

13        b.    to effect the DJRI Trustee's abandonment of any Claim upon

14    RFC's election pursuant to section 6.8.2 of the Settlement Contract,

15    both in RFC's sole and absolute discretion.

16        26.    The DJRI Trustee shall not object to, or otherwise interfere with, RFC's

17    efforts to obtain, such orders as long as such orders are consistent with this Settlement

18    Contract and applicable bankruptcy law.

19    F.    **RFC-DJRI Estate Claim**

20    **Allowance**

21        27.    For purposes of the DJRI Bankruptcy Estate, the RFC-DJRI Estate Claim

22    is allowed in the total combined secured and unsecured amount of $5,500,000.00, which

23    shall be allowed only as follows:

24        a.    a secured claim in accord with section 506 of the Bankruptcy Code

25    that is entitled to adequate protection as the Settlement Contract provides in the

26    amount of $4,000,000.00; and

27        b.    a general unsecured claim under section 502 of the Bankruptcy

28    Code in the amount of $1,500,000.00.

-7-

/ / /

**Credit**

28.    RFC shall credit against the $4,000,000.00 total secured portion of the RFC-DJRI Estate Claim:

    a.    $286,354.00, which the Receiver collected on behalf of DJRI; and

    b.    any payments on the Roger Loan and/or the BLP Loan that RFC receives from any source, including, but not limited to, BLP, the BLP Estate, DJRI, the DJRI Estate, and/or the Liquidating Trust.

**Objection**

29.    The DJRI Trustee shall not take any action against any Claim by RFC against the DJRI Estate, whether by objection or otherwise.

**Receiver**

30.    The Receiver has assigned all Claims that the Receiver may have against the DJRI Estate to RFC.

31.    The RFC-DJRI Estate Claim includes all Claims that the Receiver may have against the DJRI Estate.

32.    RFC shall indemnify the DJRI Estate and the DJRI Releasees for any Claim that the Receiver asserts against the DJRI Estate and the DJRI Releasees.

33.    RFC and/or the Receiver are authorized to file an amended proof of claim against the DJRI Estate to state the full amount of the Receiver's Claim against the DJRI Estate, but which shall remain subject to the allowed amounts in section 6.9.1 of the Settlement Contract.

34.    The DJRI Trustee shall not take any action against any Claim by the Receiver against the DJRI Estate, whether by objection or otherwise.

**RFC—BLP, Ebarb, and Roger**

35.    The DJRI Trustee will take no position at any time on the validity or amount of RFC's Claims against BLP, Ebarb, or Roger in action, case, or proceeding.

/ / /

ORDER ON SECOND JOINT MOTION TO APPROVE SETTLEMENT BETWEEN TRUSTEE AND RFC

/ / /

**RFC's Claim Objections**

36.    RFC is authorized to object to any Claim and any administrative expense that any Person seeks to recover from the DJRI Estate, and the DJRI Trustee will not interfere with any such objection; provided, however, the DJRI Trustee and any professionals that the DJRI Trustee hires may defend any objection that RFC makes to any request that the DJRI Trustee or any professional that the DJRI Trustee hires, respectively, makes for fees and expenses.

**G.    Relief from Stay**

**All Purposes**

37.    The Receiver and RFC are granted immediate relief from the automatic stay in the DJRI Estate on the Approval Date, to whatever extent the automatic stay then still applies, for all purposes, including, but not limited to, as to DJRI, to:

a.    liquidate and obtain judgments and/or orders on all Claims that the Receiver and RFC may have against any of BLP, Ebarb, DJRI, and Roger before the State Court, but not to enforce any judgment or order liquidating those Claims against any Asset except any abandoned Asset; and/or

b.    obtain judgments and/or orders to discharge the Receiver in all respects, including, but not limited to, obtaining approval of the Receiver's accounting, including, but not limited to, determining/approving the amounts of the Receiver's fees/expenses, awarding the Receiver's fees/expenses against any of BLP, Ebarb, DJRI, and Roger, and terminating the office of the Receiver in the RFC Action, before the State Court, but not to enforce any judgment or order on such matters against any Asset except any abandoned Asset.

**Limit**

38.    RFC shall not take any action against the Liquidating Trust or the DJRI Estate that is inconsistent with the express terms of the Settlement Contract or the

-9-

Liquidating Trust so long as the DJRI Trustee is not in material breach of the Settlement

Contract or the Liquidating Trust Agreement.

**H.**    **Other Provisions**

**Determination**

39.    The DJRI Trustee shall employ section 505 of the Bankruptcy Code to

obtain a prompt determination of taxes for the DJRI Estate.

**Tax Attributes**

40.    The DJRI Trustee shall act in good faith to preserve all tax attributes

favorable to the DJRI Estate and pursue refunds for the benefit of the DJRI Estate.

**Payment**

41.    The DJRI Estate and RFC shall each pay their own taxes arising out of, or

related to, any transaction that is the subject of this Settlement Contract.

**Liquidating Trust**

42.    The Bankruptcy Court finds that the Liquidating Trust qualifies as a

liquidating trust within the meaning of section 301.7701-4(d) of the United States

Treasury Regulations for federal and applicable state income tax purposes.

43.    The Parties shall file tax returns reporting items of taxable income and loss

in respect of the Liquidating Trust as required by and in a manner that is consistent with

the provisions of the Liquidating Trust Agreement.

**Cooperation**

44.    The DJRI Trustee and RFC, as creditor and as Liquidating Trustee, shall

reasonably cooperate with each other, the Liquidating Trust, and other Persons as the

DJRI Trustee and RFC, as creditor and as Liquidating Trustee, may request, including, but

not limited to, by providing assistance, documents, and information, signing and

delivering any and all documents, and performing any and all acts, to liquidate all Assets,

prosecute/defend all Claims, collect all Proceeds, and satisfy all allowed Claims; the

Person requesting such cooperation shall pay any reasonable expenses of the Person

providing the cooperation incurs to do so.  Nothing contained in this Settlement Contract

or the Liquidating Trust Agreement, however, shall prevent the DJRI Trustee from filing and seeking approval of a trustee final report reserving the right to re-open the case to administer any additional Assets the DJRI Estate receives pursuant to this Settlement Contract or the Liquidating Trust Agreement.

**Preclusion**

45.    Nothing in the Settlement Contract shall bind, or constitute evidence for or against:

a.    BLP, DJRI, Ebarb, the Receiver, RFC, or Roger in the Ebarb Adversary Proceeding, the RFC Action, or the RFC Adversary Proceeding; and

b.    Any Person who claims a security interest in any Asset in any action, case, or proceeding to determine any issue regarding that claimed security interest, including, but not limited to the existence, validity, effectiveness, nature, extent, scope, or priority of that claimed security interest.

pursuant to any legal or equitable doctrine, including, but not limited to, claim preclusion, collateral estoppel, estoppel, issue preclusion, judicial estoppel, merger, *res judicata*, or waiver, whether offensively or defensively.

IT IS SO ORDERED.

# # #

Date: August 9, 2019

Mark Houle
United States Bankruptcy Judge

-11-

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, July 10, 2019**                                              **Hearing Room    303**

---

<u>11:00 AM</u>
**6:13-27344    Douglas J Roger, MD, Inc., A Professional Corporat                  Chapter 7**

   **#2.00    Motion to Approve Compromise Under Rule 9019 by Chapter 7 Trustee and
             Secured Creditor Revere Financial Corporation; Moving Memorandum**

             EH__

                                   Docket        521

   **Tentative Ruling:**

       <u>7/10/19</u>

       <u>**PROCEDURAL BACKGROUND**</u>

       On October 20, 2013, Douglas Jay Roger, MD, Inc., ("Debtor") filed a Chapter 7
       voluntary petition. In 2015, Trustee filed six adversary proceedings. Of the six, two
       are closed, one has been resolved but is still open, and three are still pending.

       On April 6, 2016, Trustee filed motions to approve compromise ("Compromise
       Motions") in two of the adversary proceedings (the "Auctioned Adversaries"). After
       several continuances of the Compromise Motions, the defendants in the Auctioned
       Adversaries filed motions to enforce the settlement agreements on November 5, 2016
       (the "Enforcement Motions"). On January 31, 2017, the day before the hearing on the
       Compromise Motions and Enforcement Motions, Trustee filed additional compromise
       motions (the "Second Compromise Motions") with Revere Financial Corporations
       ("Revere") which included the subject matter of the Compromise Motions as well as a
       variety of additional matters. Ultimately, after further continuances, the Court held
       auctions on the Auctioned Adversaries on August 2, 2017. At the auctions, Revere
       was the highest bidder for one of the Auctioned Adversaries and the adversary
       defendant was the highest bidder for the other Auctioned Adversary.

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, July 10, 2019**                                      **Hearing Room          303**

---

<u>11:00 AM</u>
**CONT...        Douglas J Roger, MD, Inc., A Professional Corporat                    Chapter 7**

On January 24, 2018, Revere filed a new compromise motion (the "Third
Compromise Motion"). On January 31, 2018, Bank of Southern California, N.A. filed
a limited opposition to the Current Compromise Motion. On February 1, 2018, Debtor
filed its opposition to the Current Compromise Motion. On February 6, 2018,
American Express Company filed a joinder to Debtor's opposition. On February 13,
2018, the Court continued the hearing for six weeks to March 28, 2018.

At the hearing on March 28, 2019, the Court expressed its intention to hold an auction
of the claims which were included in the Third Compromise Motion, and continued
the matter for an additional six weeks. On April 18, 2019, Trustee filed a sale motion.
This sale motion was objected to by Bank of Southern California, N.A., American
Express Company, Douglas J Roger, MD ("Roger"), and Revere. On April 26, 2018,
Roger requested an emergency hearing, arguing, essentially, that the procedures
selected by Trustee were not in compliance with the Court's oral instructions at the
hearing of March 28. Subsequently, the Court converted the hearing of May 9 into a
status conference to resolve the new dispute. The hearing of May 9 was subsequently
continued to June 11, and an amended sale motion was filed by Trustee on May 21.
Objections were ultimately filed by Roger, Revere, and American Express Company.

On June 11, 2019, the Court held an auction, however, there were no successful
overbids (i.e. overbids which cleared a certain minimum amount). After the
unsuccessful auction, the Court took the Third Compromise Motion under
submission. On July 26, 2018, Revere appealed the sale motion (the "Appeal"). After
the Appeal, the Court withdrew the Third Compromise Motion from submission and,
on August 22, 2018, informed the parties that the Appeal would have to be resolved
before the Court ruled on the Third Compromise Motion.

On April 5, 2019, the district court reversed the Court's order approving the holding
of an auction,[1] invalidating a sale order which resulted in no sale being consummated.
The district court instructed this Court "to analyze whether the Second RFC
Settlement is fair and equitable under the factors set forth in *A&C Properties*."

---

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, July 10, 2019**                                    **Hearing Room        303**

---

<u>11:00 AM</u>
**CONT...        Douglas J Roger, MD, Inc., A Professional Corporat**                **Chapter 7**
Therefore, the Court will continue with the analysis it was undertaking a year ago.

**FACTUAL BACKGROUND**

The Third Compromise Motion creates four categories of assets: (1) cash held by
Trustee and in which Revere claims a security interest ("Encumbered Cash"); (2) cash
received from the Auctioned Adversaries ("Unencumbered Cash"); (3) tax refunds
("Uncertain Cash"); and (4) claims ("Uncertain Claims"). Pursuant to the terms of the
compromise the bankruptcy estate is guaranteed, for distribution to administrative and
unsecured claimants, $185,000 in Unencumbered cash, a $45,000 carve-out from
Revere.

The settlement agreement also contemplates the creation of a liquidating trust with
Revere acting as liquidating trustee. The rights to pursue Debtor's causes of action
will be assigned to the liquidating trust, and Revere will have full discretion to
determine which claims to pursue. Revere will cover the costs incurred by the
liquidating trust. Any recovery obtained by the liquidating trust will be distributed as
followed:

  (1) Payment of taxes
  (2) An $80,000 distribution to the bankruptcy estate
  (3) Reimbursement of expenses incurred by Revere
  (4) Payment of an "equalizing distribution" "so that the DJRI Estate has received
      25% of all net proceeds and RFC has received 75% of all net proceeds; and
  (5) Distribution of 25% of all remaining proceedings to the bankruptcy estate.


In return, the settlement agreement provides that Trustee will agree to allow Revere a
claim of $5,500,000.00, of which $4,000,000.00 will be treated as secured. Trustee
also waives the right to challenge the validity or priority of Revere's security interest,
and abandons any remaining interest in Revere's collateral.[2]

**DISCUSSION**


  *I.        Legal Standard for Approving Compromise*

---

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

_____

**Wednesday, July 10, 2019**                                              **Hearing Room    303**

_____

<u>11:00 AM</u>
**CONT...        Douglas J Roger, MD, Inc., A Professional Corporat**                    **Chapter 7**

Rule 9019(a) authorizes the bankruptcy court to approve a compromise or settlement
on the trustee's motion and after notice and a hearing. The bankruptcy court must
consider all "factors relevant to a full and fair assessment of the wisdom of the
proposed compromise." *Protective Comm. for Indep. Stockholders of TMT Trailer
Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968). In
other words, the bankruptcy court must find that the settlement is "fair and equitable"
in order to approve it. *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th
Cir. 1986).

In conducting this inquiry, the bankruptcy court must consider the following factors:

> (a) the probability of success in the litigation; (b) the difficulties, if
> any, to be encountered in the matter of collection; (c) the complexity of
> the litigation involved, and the expense, inconvenience and delay
> necessarily attending it; and (d) the paramount interest of the creditors
> and a proper deference to their reasonable views in the premises.

*Id.*

The bankruptcy court enjoys broad discretion in approving a compromise because it
"is uniquely situated to consider the equities and reasonableness [of it] . . . ." *United
States v. Alaska Nat'l Bank (In re Walsh Construction, Inc.)*, 669 F.2d 1325, 1328 (9th
Cir. 1982). As stated in *A & C Props.*:

> The purpose of a compromise agreement is to allow the trustee and the
> creditors to avoid the expenses and burdens associated with litigating
> sharply contested and dubious claims. The law favors compromise and
> not litigation for its own sake, and as long as the bankruptcy court
> amply considered the various factors that determined the
> reasonableness of the compromise, the court's decision must be
> affirmed.

*Id.* (citations omitted).

On the other hand, even though the bankruptcy court has wide latitude in approving

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

Wednesday, July 10, 2019                                           **Hearing Room      303**

11:00 AM
**CONT...      Douglas J Roger, MD, Inc., A Professional Corporat                    Chapter 7**

compromises, its discretion is not completely unfettered. *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). The trustee bears the burden of proving to the bankruptcy court that the settlement is fair and equitable and should be approved. *In re A&C Props.*, 784 F.2d at 1382.

The Court shall apply the *A&C* factors to the Third Compromise Motion.


    *A.   The Probability of Success in the Underlying Litigation*


The factor does not carry significant weight, but may weigh slightly in favor of approving the compromise. As noted in the compromise motion [Dkt. No 521., pgs. 25-26], Trustee would face arduous litigation if the claim objection were to be prosecuted. Nevertheless, the unusual complexity that the litigation would present is more appropriately considered under the third *A&C* factor. Given the complexity of the record, and the superficiality of the argument presented regarding the first factor in the compromise motion, the Court cannot conclude that this factor carries significant weight.


    *B.   Difficulty of Collection*


Trustee and Revere argue that this factor is irrelevant because Trustee is not attempting to collect from Revere. This argument appears to miss the principle behind the second *A&C* factor – whether, if successful, the Trustee would face obstacles in realizing value. Here, a reduction in the claim of Revere would, potentially, free up assets for distribution to administrative and unsecured claimants. The Court has not been presented with any clear evidence in the record to suggest that the subsequent liquidation of those assets would be unusually burdensome. Therefore, this factor weighs against settlement, although the Court only gives this factor minimal weight.


    *C.   Complexity, Cost, Inconvenience and Delay of Litigation*


For the reasons stated in the compromise motion [Dkt. No. 521], the declaration of Arturo Cisneros [Dkt. No 523], the declaration of Franklin Fraley [Dkt. No. 524], and the request for judicial notice [Dkt. No 525], prosecuting a claim objection against Revere would be extraordinarily costly and unusually complicated. Therefore, this

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

---

**Wednesday, July 10, 2019**                                                      **Hearing Room**      **303**

---

<u>11:00 AM</u>
**CONT...**      **Douglas J Roger, MD, Inc., A Professional Corporat**                         **Chapter 7**
factor weighs in favor of settlement.

*D.  Interest of Creditors*

For the reasons stated in the compromise motion [Dkt. No 521, pgs. 27-28], and
noting the lack of any opposition, the Court finds that this factor weighs in favor of
the settlement. Specifically, the Court notes that the bankruptcy estate appears to be
administratively insolvent at present, and it does not appear plausible, given the
current state of the administration of the case, that the estate will become
administratively solvent in the near future. Also noting that this case has been pending
nearly six years, the Court is forced to conclude that the potential benefits offered by
Revere pursuant to the settlement agreement, are, from the perspective of creditors,
preferable to the instant quagmire.

Therefore, for the reasons stated above and for the reasons stated in the compromise
motion [Dkt. No 521], the Court is inclined to find that the settlement agreement
satisfies the *A&C Properties* factors.

*II.     Miscellaneous*

The settlement contract and the liquidating trust agreement, a combined sixty-three
pages, contain a number of minor drafting errors and inconsistencies. The Court is
inclined to GRANT the compromise motion, noting, however, that: (a) any
ambiguities or inconsistencies would likely be resolved against the drafter (i.e.
Revere); and (b) any subsequent interpretation of the contract terms would be subject
to a reasonableness test, with the Court retaining jurisdiction to interpret any dispute
in terms.

An example of the former is that the compromise motion repeatedly oscillates
between identifying an $80,000 priority distribution and a $75,000 priority
distribution. [Dkt. No. 521, pgs. 10-12]. An example of the latter is the Court's
continued interpretation to review the reasonableness of the "trust expense," as
outlined in ¶ 3.10 of the liquidating trust agreement.

---

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

---

**Wednesday, July 10, 2019**                                      **Hearing Room     303**

---

11:00 AM

**CONT...      Douglas J Roger, MD, Inc., A Professional Corporat**                    **Chapter 7**

   **TENTATIVE RULING**

   The Court is inclined to GRANT the motion, APPROVING the compromise in its
   entirety subject to the concerns raised above.

   APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

   Douglas J Roger, MD, Inc., A              Represented By
                                             Summer M Shaw
                                             Michael S Kogan
                                             George  Hanover

**Movant(s):**

   Revere Financial Corporation              Represented By
                                             Franklin R Fraley Jr

**Trustee(s):**

   Arturo  Cisneros (TR)                     Represented By
                                             Chad V Haes
                                             D Edward Hays
                                             Franklin R Fraley Jr

---